**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| ANGELA AGGANIS, | ) | |
| | ) | |
|           PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:15-CV-417-DBH |
| | ) | |
| T-MOBILE USA, INC., | ) | |
| | ) | |
|           DEFENDANT | ) | |

**ORDER ON OBJECTIONS TO MAGISTRATE JUDGE**
**DECISION AND ORDER ON DISCOVERY ISSUES**

In this sexual harassment/constructive discharge lawsuit, Community Workers of America (CWA) has objected to the Magistrate Judge's Order, ECF No. 83, a discovery ruling on May 19, 2017, that orders it to disclose certain documents/email strings over claims of attorney-client and work-product privilege. Around the time the plaintiff's employment terminated, CWA was engaged in union organizing activities at her place of employment and then successfully pursued an unfair labor practices complaint before the National Labor Relations Board (NLRB). The same lawyer represents and represented both the plaintiff employee and CWA.

Rule 72(a) instructs me to "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). I have examined each item whose disclosure CWA attacks (the items were filed under seal). Applying this standard, I agree in large part with the Magistrate Judge's ruling. I will go through the objections to the ordered disclosures in the sequence CWA

attacks them, expressing in each instance how I agree or disagree with the Magistrate Judge. I use the terminology that the parties and the Magistrate Judge have used.

**Orange Category**

*Agganis Video, Row 11*[1]

CWA objects to the portion of the Magistrate Judge's ruling that concluded that the work product privilege does not protect this item. But I agree with the Magistrate Judge in being "unconvinced that the initial preparation of the video and the related communications were documents prepared in connection with the proceeding before the NLRB. While the video was likely designed to assist the CWA with its organizing activities, most of the communications were not limited to organizing activities or to proceedings before the Board." Dec. & Order on Disc. Issues (ECF No. 83) at 7. That particular objection, therefore, is **OVERRULED**.

CWA also objects to disclosure of an email string at pages 1325.13 to 1325.20. However, I interpret the Magistrate Judge's Order as *protecting* those pages from disclosure. Therefore, that objection is **OVERRULED** because the ruling is in CWA's favor.[2]

---

[1] Exhibit A to Exhibit 4 of the Stipulated Record (ECF No. 86) for this appeal of the Magistrate Judge's ruling is a table using the colors orange and green. The rows on the Exhibit are unnumbered, but the parties have treated them as if they are numbered and I do the same.

[2] CWA may be confused by the Magistrate Judge's final sentence on this item ("While the communication[s] between Attorney Pittman and Mr. Daley are protected by the attorney-client privilege, the other documents are discoverable, and shall be produced" p. 7), as referring to the documents appended to the email communication. But the Magistrate Judge referred to the email chain and protected the "communication[s] between Attorney Pittman and Mr. Daley." The "other documents" that he ordered produced were those discussed in earlier paragraphs discussing this item. This sentence ordering production was the final ruling for all of the Row 11 "Agganis Video."

*Video Angela, Row 12*

CWA accepts the Magistrate Judge's ruling that attorney-client privilege was waived on this document by disclosure to a third party. But CWA presses its work-product privilege argument and challenges the Magistrate Judge's statement that there was "no information to suggest the initial preparation of the video or the communications with counsel were in anticipation of litigation, either in court or before the National Labor Relations Board." ECF No. 83 at 8. I **SUSTAIN** the objection to production of this document. The last full sentence of the document by direct implication provides the necessary link to litigation.

*Video with Angela, Row 13*

CWA objects to the Magistrate Judge's ordered disclosure of email strings at pages 1281.007, 1281.010, and 1281.012, ECF No. 84 at 6 fn. 9, arguing that they are a research associate's request for advice from CWA's general counsel and other CWA personnel related to litigation strategy and a response from a CWA Assistant to the President. Id. at 6-7. As the party seeking to benefit from the privilege, CWA bears the burden of convincing me that the Magistrate Judge's characterization of these email strings amounted to clear error. The originating email from the research associate was addressed to Sandy Rusher, CWA's Organizing Director, see id., Attachment A (for status of Rusher), and CWA has not demonstrated why including general counsel in the CC field turns the email (or the response from the Assistant to the President or the earlier email from the associate to the Organizing Director) into a privileged document under either attorney-client privilege or work-product privilege. Without more, and on this

standard of review, CWA has not shown that the Magistrate Judge's ruling was clearly erroneous. The objection is **OVERRULED**.

**GREEN CATEGORY**

*Charge Against T-Mobile Rows 3-6*

On these items, I **SUSTAIN** the objection. The Magistrate Judge was under the mistaken impression that Shelley Kroll was counsel to the National Labor Relations Board. ECF No. 83 at 10. CWA points out that Attorney Kroll is a private lawyer at Segal Roitman, LLP and chief counsel to the CWA for the organizing campaign. T-Mobile does not disagree, but says that it "is unable to verify that fact" and goes on to say that the Magistrate Judge's ruling that attorney-client privilege does not apply is not "clear error." Attorney Kroll's CV at the Segal Roitman website http://segalroitman.com/attorneys/shelley-b-kroll/, does not list her as ever having been NLRB general counsel, a striking omission if in fact she had been. Moreover, the NLRB's website has a list of its general counsel since 1935, https://www.nlrb.gov/who-we-are/general-counsel/general-counsels-1935, and Attorney Kroll is not among them. I conclude that these items are protected by attorney-client privilege. They need not be produced.

*Alarming Message from Angela Row 21*

I **SUSTAIN** the objection. I agree with CWA that the portion beginning with "I don't want" and ending with "phone off now" reveals the lawyer's mental impression deriving from a client communication and is protected by the work-product privilege.

4

*Angela, Row 24*

The objection is **OVERRULED**.  The Magistrate Judge's interpretation and application of the common interest doctrine are not clearly erroneous or contrary to law, and I affirm his conclusion that neither attorney-client privilege nor work-product privilege protect these items.

*Angela Retainer, Row 26*

The objection is **OVERRULED**.  I agree with the Magistrate Judge for the same reasons as in the preceding item.

* * *

As a result, CWA's Objections to the Magistrate Judge's Decision and Order on Discovery Issues are **SUSTAINED IN PART AND OVERRULED IN PART**.

**SO ORDERED.**

**DATED THIS 23RD DAY OF JUNE, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**