United States District Court
District Of Maine

| | |
|---|---|
| Angela Agganis, )  | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 1:15-cv-00417-DBH |
| ) | |
| T-Mobile USA, Inc., ) | |
| ) | |
| Defendant. ) | |

**Plaintiff's Motion for Partial Summary Judgment**

Plaintiff Angela Agganis moves for partial summary judgement concerning any defense Defendant may assert to the effect that she failed to mitigate her lost wage damages. Defendant has waived this defense because it failed to plead it. Even if the Court nonetheless were to excuse Defendant's failure to plead this defense, Defendant's failure to introduce evidence that might support the defense precludes the factfinder from reducing Plaintiff's back pay award based on any purported failure to mitigate her damages.

## Undisputed Facts

Plaintiff Angela Agganis worked for T-Mobile USA, Inc. (T-Mobile or Defendant) as a Customer Service Representative at T-Mobile's Oakland, Maine call center. Plaintiff's Statement of Material Facts ("PSMF"), ¶ 1. Ms. Agganis resigned[1] from her position at T-Mobile on August 5, 2014. *Id*. ¶ 2. Most recently before her employment at T-Mobile ended, Ms. Agganis earned hourly wages of $610 per week plus monthly bonuses ranging from $200 to $1,600 per month. *Id*. ¶ 3.

Ms. Agganis has made substantial efforts to find new employment since the termination of her employment at T-Mobile in 2014. *Id*. ¶¶ 4-9. She has applied for dozens of jobs in a wide variety of fields and locations since the termination of her employment in August 2014 through the present. *Id*. ¶¶ 2, 4, 6-9. Although Ms. Agganis lived in Waterville at the time her employment at T-Mobile ended, she was willing to move and has moved to other parts of Maine, including Skowhegan and Lewiston. *Id*. ¶ 5.

Ms. Agganis has secured, worked at, and earned wages in a number of jobs, including positions obtained through the temporary employment agencies

---

[1] Ms. Agganis claims that her resignation was not voluntary and that T-Mobile constructively discharged her. Defendant disputes this claim and many facts that underlie the claim, but that claim is immaterial in deciding this motion.

Manpower and Randstad, since the termination of her employment at T-Mobile, and her work search is ongoing. *Id*. ¶¶ 6-9. Ms. Agganis started a new job in Lewiston in June 2017. *Id*. ¶ 9.

Despite her efforts to find new employment, Ms. Agganis has not secured steady employment since the termination of her employment at T-Mobile, and the work she has secured has not paid as well as her job working for T-Mobile. *Id*. ¶10.

## Argument

**I.  Defendant has waived the affirmative defense of failure to mitigate damages.**

Because Defendant did not plead the affirmative defense of failure to mitigate damages, Defendant's Answer, Defenses ¶¶ 1-7 at 12 (ECF No. 5), it is barred from now asserting any such defense. In response to a pleading, "a party must affirmatively state **any** avoidance or affirmative defense." Fed.R.Civ.P. 8(c)(1) (emphasis supplied). The list of potential affirmative defenses included in Rule 8(c)(1) is neither exclusive nor exhaustive. *Jones v. Bock*, 549 U.S. 199,

212 (2007) ("Rule 8(c) identifies a nonexhaustive list of affirmative defenses that must be pleaded in response").[2]

An allegation of failure to mitigate damages is an affirmative defense. *See Trainor v. HEI Hospitality, LLC*, 699 F.3d 19, 29 (1st Cir. 2012); *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 15-16 (1st Cir. 1999); *King v. Maine Dep't of Corr.*, No. 1:13-CV-00163-JDL (D. Me. July 12, 2016) (ECF No. 94, copy attached as Exhibit 1). A defendant waives an affirmative defense, including the defense of failure to mitigate, by failing to plead it. *King*, No. 1:13-CV-00163-JDL (D. Me. July 12, 2016) (ECF No. 94, copy attached as Exhibit 1).[3] Under Fed.R.Civ.P. 8(c)(1), Defendant has waived this defense by failing to plead it. On this basis alone, the Court should grant Plaintiff's Motion for Partial Summary Judgment.

## II. The record is insufficient as a matter of law to permit either the Court or a jury to conclude that T-Mobile met its two-prong burden to prove that Ms. Agganis failed to mitigate her damages.

Even if the Court were to permit Defendant to assert belatedly the affirmative defense of failure to mitigate damages, T-Mobile's failure to

---

[2] *See also Dollar v. Smithway Motor Xpress, Inc.*, 710 F.3d 798, 808 (8th Cir. 2013) (Rule 8(c)(1)['s] list of enumerated defenses is exemplary rather than exclusive"); *Brennan v. Roman Catholic Diocese of Syracuse N.Y., Inc.*, 965 F. Supp. 2d 234, 246 (N.D.N.Y. 2013) (Rule 8(c)(1)'s list of affirmative defenses is "non-exhaustive").

[3] *See also Dollar*, 710 F.3d at 807-808 (defendant waived failure to mitigate damages defense in employment case by failing to plead it); *Hoch v. Mid-Minnesota Mgmt. Servs.*, 2016 U.S. Dist. LEXIS 1236 (D. Minn. 2016) at *12 (defendant waived bona fide error defense in debt collection case by failing to plead it).

4

introduce any evidence on this point means that it cannot meet its burden of proof. *See Trainor*, 699 F.3d at 29; *Quint*, 172 F.3d at 15-16. In *Quint*, the First Circuit held that "[a]s long as the claimant has made some effort to secure other employment, the burden to prove failure to mitigate normally resides with the defendant employer." *Id*. at 16; *see also Webber v. International Paper Co.*, 307 F. Supp.2d 119, 126 (D. Me. 2004) ("The burden is on the defendant to prove facts relating to the appropriate deductions from back pay.") (construing Maine law).

The employer is relieved of its burden to prove this affirmative defense only in the "relatively rare case" in which an employee has "remained *completely idle* following her discharge," that is, the employee "sought *no* jobs" and "t[ook] *no* action to obtain employment." *Quint*, 172 F.3d at 16; see also *Webber*, 307 F. Supp.2d at 126 (D. Me. 2004) (emphasis added) (holding that although plaintiff applied for only six jobs in a given year, only three of which he could remember, plaintiff nevertheless made the requisite "minimal effort to obtain alternate employment" that year under *Quint* and therefore the burden of proving failure to mitigate remained with employer).

In the ordinary case in which the employee has made the requisite minimal effort to obtain employment, the burden remains on the employer to

"show that (i) though substantially equivalent jobs were available in the relevant geographic area, (ii) the claimant failed to use reasonable diligence to secure suitable employment." *Quint*, 172 F.3d at 16.

The employer's burden to make this two-prong showing is demanding. As to the first prong, a position is only "substantially equivalent" if it provides "*virtually identical* promotional opportunities, compensation, job responsibilities, working conditions, and status." *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003) (emphasis added). Further, the employer's proof regarding substantially equivalent jobs "extends only to jobs available in the relevant geographic area." *Harding v. Cianbro Corp.*, 498 F. Supp. 2d 344, 358 (D. Me. 2007) (citation omitted). As to the second prong, "[t]o show that the plaintiff was not sufficiently diligent in pursuing other employment, the defendant must do more than show that plaintiff could have taken further actions in pursuit of employment: 'the range of reasonable conduct is broad and the injured plaintiff must be given the benefit of every doubt in assessing her conduct.'" *Webber*, 307 F. Supp. 2d at 126 (D. Me. 2004) (quoting *Me. Human Rights Comm'n v. Dept. of Corr.*, 474 A.2d 860, 869).

It is undisputed that Ms. Agganis has made "some effort" to find alternate employment. *Quint*, 172 F.3d at 16. As detailed above, since Ms. Agganis's employment at T-Mobile ended in August 2014 she has applied for dozens of jobs in a variety of fields and locations; she was willing to and has moved within Maine; her work search is ongoing; and she has secured, worked at, and earned wages in several jobs since leaving T-Mobile. PSMF ¶¶ 4-9. The undisputed facts demonstrate that Ms. Agganis has been far from "completely idle" following the termination of her T-Mobile employment. *See Quint*, 172 F.3d at 16. Instead, she has conducted a diligent job search that goes well beyond the "minimal effort" required of the Plaintiff. *See Webber*, 307 F.Supp.2d at 126.

Therefore, the burden remains on Defendant to prove any affirmative defense it may assert to the effect that Plaintiff failed to mitigate her damages. During the discovery period that has now expired, Defendant did not designate any experts and did not produce any evidence to support a potential affirmative defense of failure to mitigate. In particular, Defendant produced no evidence to demonstrate either (i) that there were substantially equivalent positions available to Plaintiff in her geographical area or (ii) that Plaintiff "failed to use reasonable diligence" to secure a substantially equivalent position. *See Quint*, 172 F.3d at 16.

The Rules, of course, required Defendant to produce during discovery all of the evidence that it "may use to support" this potential affirmative defense. *See* Fed. R. Civ. P. 26(a)(1)(A)(i-ii). Therefore, the record is insufficient as a matter of law to permit either the Court or a jury to conclude that Defendant met its two-prong burden to prove that Ms. Agganis failed to mitigate her damages.

## Conclusion

Plaintiff respectfully requests that the Court grant her motion for partial summary judgment on Defendant's potential affirmative defense that Ms. Agganis failed to mitigate her lost wage damages. Defendant has waived the failure to mitigate damages defense because it failed to plead it. Even if there were no waiver, the undisputed facts demonstrate that Plaintiff conducted a diligent job search in the years since her employment with T-Mobile ended in August 2014, going well beyond the "minimal effort" required of the Plaintiff, and that she has worked and earned wages in several jobs since then. The two-prong burden therefore remains on Defendant to prove any affirmative defense it may assert to the effect that Plaintiff failed to mitigate her damages, and Defendant designated no experts and produced no evidence in the now-expired discovery period to meet that burden.

Date:   October 6, 2017                              Respectfully submitted,


                                                                        /s/ Jeffrey Neil Young
Jeffrey Neil Young, Esq.
Roberta L. de Araujo, Esq.
Valerie Z. Wicks, Esq.
Johnson, Webbert & Young, L.L.P.
160 Capital Street, P.O. Box 79
Augusta, Maine 04332-0079
(207) 623-5110
jyoung@johnsonwebbert.com
rdearaujo@johnsonwebbert.com
vwicks@johnsonwebbert.com

*Attorneys for Plaintiff*

**Certificate of Service**

      I hereby certify that on October 6, 2017 I electronically filed this with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.


Date:   October 6, 2017                                      <u>/s/ Jeffrey Neil Young</u>